[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 24, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13062
Non-Argument Calendar

_____

D. C. Docket No. 06-00498-CR-T-23MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS HERNAN-CHAVEZ,
a.k.a. Carlos Hernan Chavez-Aguirre,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 24, 2008)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Carlos Hernan-Chavez appeals his 135-month sentence imposed after he

pleaded guilty to: (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a), (b), and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) aiding and abetting the possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2. Hernan-Chavez argues that: (1) the district court erred by denying him a mitigating-role reduction because it was undisputed that there were other participants in the conspiracy, many of whom played a larger role; and (2) his sentence is procedurally and substantively unreasonable.

## I.

Hernan-Chavez first contends that the district court erred by denying him a mitigating role reduction, pursuant to United States Sentencing Guidelines § 3B1.2 (Nov. 2006). According to Hernan-Chavez, because the government knew, based on the information he provided at his safety valve relief debriefings, that the conspiracy began in 2002, the court should have looked at his activities since 2002 in assessing his overall role in the offense. Hernan-Chavez argues that the district court's assessment of his role only in relation to the 2006 transportation of 1,746

2

kilograms of cocaine, instead of in the context of the entire four-year conspiracy, was clear error. Hernan-Chavez also argues that, regarding the 2006 voyage, he did not own the boat or plan the trip, but instead was a courier and a sailor who was the lowest ranking member of the crew of the go-fast vessel. According to Hernan-Chavez, he was not going to be paid any type of commission for the sale or transportation of the cocaine, he did not choose the route, and he did not know where the drugs were going.

We review a district court's determination of a defendant's role in the offense for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). Further explaining this standard, we stated:

> [A] trial court's choice between two permissible views of the evidence is the very essence of the clear error standard of review. . . . So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous.

Id. at 945 (citation and quotation omitted). The proponent of the downward adjustment always bears the burden of proving the mitigating role in the offense by a preponderance of the evidence. Id. at 939.

The sentencing guidelines provide that a court should decrease a defendant's offense level by two points if the court finds that the defendant was a "minor participant" in the criminal activity. U.S.S.G. § 3B1.2. A defendant is a minor

3

participant if he is "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5.

In determining whether a minor-role adjustment applies, the district court should be informed by two principles: "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." De Varon, 175 F.3d at 940. As to the first prong of the De Varon analysis, we have explained that "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment for minor role in the offense." Id. at 944. Furthermore, in the drug courier context, "the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct . . . . [and] may be dispositive—in and of itself—in the extreme case." Id. at 943.

With regard to the second prong of the De Varon analysis, we have determined that a district court should look to other participants only to the extent that they (1) "are identifiable or discernable from the evidence," and (2) "were involved in the relevant conduct attributed to the defendant." Id. at 944. We have recognized, however, that the first prong set forth in De Varon may, in many cases,

4

be dispositive.  Id. at 945.

The district court concluded that Hernan-Chavez had failed to meet his burden of showing that he was entitled to a minor-role reduction.  Specifically, the court stated that the large quantity of cocaine involved, 1,746 kilograms, "gravitates quite heavily, if not even decisively, against a minor role determination."  The court went on to conclude that "any time someone undertakes on behalf of an international criminal enterprise to transport ton quantities of cocaine on the high seas from one nation to another, one should not be surprised if the concept of a minor role proves inapplicable as it does here."

We cannot say that the district court's refusal to grant Hernan-Chavez a minor-role reduction was clear error.  Hernan-Chavez pleaded guilty to transporting 1,746 kilograms of cocaine.  Such a large amount of cocaine is properly a material consideration for the district court in determining whether a minor-role adjustment is warranted, and could even be dispositive.  See De Varon, 175 F.3d at 943.  Accordingly, the district court's finding that this quantity of drugs was too large to support a minor-role reduction was not clearly erroneous. See id.

Hernan-Chavez's argument that the district court should have looked to his role in the larger conspiracy beginning in 2002 is without merit.  As we mentioned

above, a minor-role reduction is only available when "the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy." See id. at 944. Hernan-Chavez had been held accountable for his involvement in the transportation of 1,746 kilograms of cocaine in 2006, and therefore, the district court correctly limited its consideration to his role in that episode.

## II.

Hernan-Chavez next contends that his sentence is procedurally and substantively unreasonable because: (1) he was responsible for providing for several family members who all lived in dire poverty in Columbia, and the district court failed to consider that unlike the United States government, the Colombian government does not provide medical or financial assistance for needy families; and (2) because he will likely be deported when he is released from prison, he likely will not recidivate, and therefore a sentence lower than the guideline range would have been sufficient to satisfy the purposes of sentencing under § 3553(a).

We review a final sentence for reasonableness in the light of the 18 U.S.C. § 3553(a) factors. United States v. Winingear, 422 F.3d 1241, 1244–46 (11th Cir. 2005). The Supreme Court recently clarified that courts of appeal are to review sentences for abuse of discretion. Gall v. United States, 552 U.S. ___, 128 S. Ct.

6

586, 591 (2007). When reviewing a sentence, we first must determine that the "district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, [or] failing to consider the § 3553(a) factors." Id. at ___, 128 S. Ct. at 597. If we conclude that the district court made no procedural errors, we "should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id.; see also United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006) ("After [United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005)], a sentence may be reviewed for procedural or substantive reasonableness.").

When considering whether a defendant's sentence is substantively reasonable, we have compared the sentence actually imposed to the statutory maximum. See Winingear, 422 F.3d at 1246. Furthermore, we have recognized that "there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 788.

Reasonableness review is thus "deferential," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in

7

light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The district court need not state on the record that it has explicitly considered each § 3553(a) factor and need not discuss each factor. Id. at 786.

Hernan-Chavez contends that the district court's sentence was procedurally unreasonable because the court failed to consider that he was responsible for providing for several family members who all lived in dire poverty, and the Colombian government does not provide medical or financial assistance for needy families. Hernan-Chavez is correct that one of the § 3553(a) factors is the history and characteristics of the offender, see 18 U.S.C. § 3553(a)(1), which would encompass his family situation. However, the district court did expressly consider this, stating: "I recognize that Mr. Chavez—and I might say parenthetically dozens, I think now hundreds, of defendants are more or less similarly situated in these so-called 'boat cases' experience in their day-to-day life in Colombia dire poverty and so do their dependants and associates." The court nonetheless went on to state that after a review of the § 3553(a) factors, the guidelines range, and policy statements by the Sentencing Commission, it concluded that a sentence on the low end of the guidelines was "sufficient but not greater than necessary to comply with the statutory purposes of sentencing." Hernan-Chavez has failed to demonstrate

that the district court's sentence was procedurally unreasonable.

Hernan-Chavez also contends that his 135-month sentence was substantively unreasonable because he was not likely to recidivate. This argument, however, ignores the seriousness of the offense here. Hernan-Chavez pleaded guilty to transporting more than 1,700 kilograms of cocaine—a very large amount. The district court's sentence, which was at the low end of the guidelines range and was substantially shorter than the statutory maximum sentence of life imprisonment, was substantively reasonable. See Talley, 431 F.3d at 788; Winingear, 422 F.3d at 1246.

**AFFIRMED.**